UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA COURTHOUSE

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'10 SEP 13 P3:01

CLERK U.S. DISTRICT COURT
BY:_____ DEPUTY CLERK
AT WICHITA, KS

BRADY WALSTAD

    Plaintiff

CASE NO. 10-CV-1304-JTM-JPO

Vs

Jacobs Marsh LLC

    Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTAION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331,15 U.S.C. §1692k(d), 15 U.S.C. §1681p, and K.S.A. 50-623.
2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act. 15 U.S.C. 1692 et seq.(FDCPA), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.(FCRA), and Kansas Statute Annotated "Hereafter K.S.A", K.S.A. 50-623.

### VENUE

3. Venue is proper in the District.
4. The acts and transactions alleged herein occurred in this Judicial District.
5. The Plaintiff resides in the Judicial District.
6. Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Brady Walstad, is a natural Person.
8. Plaintiff resides in the City of Colwich, County of Sedgwick, State of Kansas.
9. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3),15 U.S.C. § 1681a(c) and K.S.A 50-624(b).

10. The Plaintiff is an "any person" as that term is used within by 15 U.S.C. § 1692 et seq.
11. Defendant Jacobs Marsh LLC, is a foreign corporation with the no listed Kansas resident agent.
12. Defendant operates from an address of 5500 Main St Ste 101 Williamsville, NY 14221.
13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).
14. Defendant is a "person" as a term defined in 15 U.S.C. § 1681a(b) and K.S.A 50-624(i)
15. Defendant is a "supplier as a term defined in K.S.A 50-624(l)
16. Defendant regular attempts to collect alleged debts.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was for personal, family, or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account"), namely a debt allegedly owed to Maryland Bank N.A.
18. The Account was allegedly not paid and it went into default with the creditor.
19. Sometime thereafter, the alleged Account was sold, assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.
20. The Plaintiff disputes the Account.
21. In Oct. 06, 2009, Defendant sent Plaintiff a letter trying to collect for alleged Account. The letter violated 15 U.S.C. § 1692g (a)(4), 15 U.S.C. § 1692g (a)(5), 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f(1), and K.S.A 50-626.
22. Plaintiff sent a letter back to Defendant disputing the alleged Account, requesting debt validation, and stated "it is an inconvenience for you to call me any where or any time. All future communications must be done in writing and sent to me by mail."
23. Defendant signed for the Plaintiff's letter requesting debt validation on Oct 19, 2009 but never validated the alleged Account. When a request for Debt validation has been received by a debt collector such as Jacob Marsh LLC, the debt collector must cease collection efforts until debt is validated as stated in 15 U.S.C. § 1692g (B).
24. Defendant never sent debt validation to the Plaintiff or ceased collection activities.
25. On Sep 21, 2009, Defendant received Plaintiff's Consumer Report from Experian. Plaintiff has never requested credit from Defendant and Defendant didn't have permissible purpose to receive Plaintiff's consumer report. This is a violation of 15 U.S.C. § 1681b (a)(3)(A), 15 U.S.C. § 1681b(f), 15 U.S.C. § 1692e(8) and 15 U.S. C. § 1692e (10).
26. On March 03, 2010, a law firm by the name of Riexinger & Associates, LLC, representing Jacob Marsh LLC, sent Plaintiff a letter. Since Defendant never validated the Account, their continue collection activity is a violation of 15 U.S.C. § 1692g (B), 15 U.S.C. § 1681h(e), 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f(1), 15 U.S.C. § 1692e (3), 15 U.S.C. § 1692e (10) and K.S.A 50-626.
27. The March 03, 2010 letter that Riexinger & Associates, LLC sent Plaintiff, had a sentence that stated "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.", Which is a violation of 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and K.S.A 50-626.
28. Plaintiff sent a letter back to Riexinger & Associates, LLC disputing the alleged Account, requesting debt validation, and stated "it is an inconvenience for you to call me any where or any time. All future communications must be done in writing and sent to me by mail."
29. Riexinger & Associates, LLC received Plaintiff's Account Dispute and Debt validation letter on March 11, 2010, but never validated alleged Account.
30. On March 05, 2010, Riexinger & Associates, LLC, a law firm collecting for Defendant received Plaintiff's Consumer Report from Experian. Plaintiff has never requested credit from Defendant or Riexinger & Associates, LLC and neither have permissible purpose to receive Plaintiff's consumer report. This is a

violation of 15 U.S.C. § 1681b (a)(3)(A),15 U.S.C. § 1681b(f), 15 U.S.C. § 1692e (8) and 15 U.S. C. § 1692e (10).
31. On June 10, 2010, Mc Nearney & Associates, LLC, representing Jacob Marsh LLC, sent Plaintiff a demand payment letter.  Since the Defendant never validated the Account, their continue collection activity is a violation of 15 U.S.C. § 1692g (B).  The letter also violated 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f(1), 15 U.S.C. § 1692e (10) and K.S.A 50-626.
32. Plaintiff sent a letter back to Mc Nearney & Associates, LLC disputing the alleged Account, requesting debt validation, and stated "it is an inconvenience for you to call me any where or any time.  All future communications must be done in writing and sent to me by mail."
33. Mc Nearney & Associates, LLC received Plaintiff's Account dispute and debt validation letter on June 24, 2010, but never validated the alleged debt.
34. On June 17, 2010, Mc Nearney & Associates, LLC a law firm collecting for Defendant twice received Plaintiff's Consumer Report from Experian.  Plaintiff has never requested credit from Defendant or Mc Nearney & Associates, LLC and neither have permissible purpose to receive Plaintiff's consumer report.  This is a violation of 15 U.S.C.  § 1681b (a)(3)(A), 15 U.S.C. § 1681b(f), 15 U.S.C. § 1692e (8) and 15 U.S. C. § 1692e (10).
35. Mc Nearney & Associates called Plaintiff on June 17, 2010 and June 21, 2010.  Since Mc Nearney & Associates were representing the Defendant and Plaintiff told Defendant "it is an inconvenience for you to call me any where or any time.  All future communications must be done in writing and sent to me by mail", the Defendant violated 15 U.S.C. § 1692c(a)(1).  Also since the Defendant never validated the alleged Account, their continue collection activity is a violation of 15 U.S.C. § 1692g (B), and K.S.A 50-626.
36. Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate 15 U.S.C. § 1692f.
37. Plaintiff tried several times to settle some of these violations out of court by sending letters and faxes but Defendant hasn't responded to any of the Plaintiff's settlement offers.
38. As a consequence of the Defendant's collection activities, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

39. The representatives and/or collectors at the Defendant were employees of and agents of the Defendant, were acting within course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.
40. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.
41. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMANDED

The Plaintiff is entitled to and hereby demands a trial by Jury.  US Const. amend. 7., Fed.R.Civ.Pro.38

## DESIGNATION OF THE PLACE OF TRIAL

Plaintiff requests Wichita, Kansas as the place of trial.

## PRAYER

WHEREFORE, the Plaintiff prays that the Court grants the following.

1. Actual Damages of $25,000 under 15 U.S.C. § 1692k(a)(1)
2. Statutory Damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A)
3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)
4. Actual Damages of $4,000 under 15 U.S.C. § 1681n (a) (1) (A).
5. Statutory Damages of $4,000 under 15 U.S.C. § 1681n (a) (1) (B).
6. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1681n (a) (3).
7. Statutory fines and penalties under 15 U.S.C. § 1681q.
8. Punitive damages of $10,000 as allowed in - 15 U.S.C. § 1681n (a)(2).
9. Statutory Damages of $25,000 under K.S.A 50-636.
10. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Brady Walstad*

Brady Walstad
PO Box 201
428 Kansas
Colwich, KS 67030

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS

Plaintiff, Brady Walstad, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by me and I believe that all of the facts contained it are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe this civil Complaint is well grounded in fact and warranted by exiting law or by good faith argument for the extension, modification or reversal of existing law.
4. I believe this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to a Defendants(s), or create a needless increase in cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purpose set forth in it.
6. Each and every exhibit I have attached to this Complaint is a true and correct copy of the original.
7. I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of m own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I Brady Walstad, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9/13/10

Date

*Brady Walstad*

Brady Walstad

PLAINTIFF VERIFIED COMPLAINT